ORIGINAL

FILED

JAN - 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY KM DEPUTY

Donshael Domanique Clark
NAME

T-50753
PRISON NUMBER

CENTINELA State Prison
P.O. Box 901
CURRENT ADDRESS OR PLACE OF CONFINEMENT

IMPERIAL, CA 92251
CITY, STATE, ZIP CODE

2254 ✓ 1983 ___
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ✓ No ___
COPIES SENT TO
Court ✓ ProSe ___

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DONSHAEL DOMANIQUE CLARK,
(FULL NAME OF PETITIONER)

PETITIONER

v.

V.M ALMAGER, Warden,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

BILL LOCKYER,
The Attorney General of the State of California, Additional Respondent.

Civil No. '08 CV 0014 H WMc
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

"EVIDENTIARY HEARING REQUESTED"

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:

   Superior Court of Riverside,County, 30755-D Auld Rd., Murrieta, CA 92563

2. Date of judgment of conviction: April 2, 2004

3. Trial court case number of the judgment of conviction being challenged: HEF003866

4. Length of sentence: 22 years

5. Sentence start date and projected release date: February 6, 2004 (sentenced date), December 21, 2019 (projected release date).

6. Offense(s) for which you were convicted or pleaded guilty (all counts): 1. Robbery, Second Degree (guilty verdict); 2. Intimidation of witness by means of force or threat of injury (guilty verdict); 3. Enhancement of sentence.

7. What was your plea? (CHECK ONE)
   (a) Not guilty X
   (b) Guilty
   (c) Nolo contendere

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury X
   (b) Judge only

9. Did you testify at the trial?
   Yes No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    X Yes No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: Judgment Affirmed
    (b) Date of result, case number and citation, if known: May 18, 2005, Case Number E035656
    (c) Grounds raised on direct appeal: 1. ERRONEOUS ADMISSION OF § 1101(b) EVIDENCE; 2. ERRONEOUS EXCLUSION OF IMPEACHMENT EVIDENCE/TESTIMONY; 3. CUMULATIVE ERROR; 4. DENIAL OF RIGHT TO JURY TRIAL UNDER BLAKELY RULE

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: Review denied without prejudice as to Blakely issue. Denied on all other grounds.
    (b) Date of result, case number and citation, if known: July 27, 2005, Case Number S134824
    (c) Grounds raised: 1. ERRONEOUS ADMISSION OF § 1101(b) EVIDENBE; 2. ERRONEOUS EXCLUSION OF IMPEACHMENT EVIDENCE/TESTIMONY; 3. CUMULATIVE ERROR; 4. DENIAL OF RIGHT TO JURY TRIAL UNDER BLAKELY RULE

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

(a) Result:

(b) Date of result, case number and citation, if known:

(c) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
X Yes ☐ No

**15.** If your answer to #14 was "Yes," give the following information:

(a) **California Superior Court** Case Number: SWC 000104

(b) Nature of proceeding: Petition for Writ of Habeas Corpus

(c) Grounds raised:

Ineffective Assistance of Counsel
(All other issues raised are raised herein)

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes X No

(e) Result: Denied (See Appendix A)

(f) Date of result: August 22, 2006 (filed September 5, 2006)

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
X Yes No

17. If your answer to #16 was "Yes," give the following information:

(a) **California Court of Appeal** Case Number: E041522

(b) Nature of proceeding: Petition for Writ of Habeas Corpus

(c) Grounds raised:

See #15 (c)

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

(e) Result: Denied (See Appendix B)

(f) Date of result: October 18, 2006 (date filed)

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

(a) **California Supreme Court** Case Number: S148977

(b) Nature of proceeding: Petition for Writ of Habeas Corpus

(c) Grounds raised:

See # 15 (c)

(d) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes ☒ No

(e) Result: Denied (See Appendix C)

(f) Date of result: 9-25-7

COLLATERALE REVIEW IN STATE COURT

(Continued)

California Superior Court Case Number: SWC000172

Nature of proceeding: Petition for Writ of Habeas Corpus

Grounds raised:

THE COURT MUST REDUCE PETITIONER'S HIGH TERM SENTENCE TO THE MIDDLE TERM BASED ON THE UNITED STATES SUPREME COURT'S RECENT HOLDING IN CNNINGHAM V. CALIFORNIA, 549 U.S. ____ (2007)

Result: Attorney ordered to show cause why petition should not be granted on 8-31-07.

Petition denied on 11-27-07 (See Appendix D)

Based on the reason for denial in the above petition no relief is available on the State level.

**20.** If you did ***not*** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
X Yes ☐ No (IF "YES" SKIP TO #22)

(a) If no, in what federal court was the prior action filed?
(i) What was the prior case number? ______
(ii) Was the prior action (CHECK ONE):
☐ Denied on the merits?
☐ Dismissed for procedural reasons?
(iii) Date of decision: ______

(b) Were any of the issues in this current petition also raised in the prior federal petition?
☐ Yes ☐ No

(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present ***all*** other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22(a) ~~GROUND ONE~~

THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF CLARK'S 1994 BANK ROBBERY, CURTAILING HIS CROSS-EXAMINATION OF THE KEY ISSUE, AND REFUSING A NEEDED MODIFICATION OF A STANDARD INSTRUCTION TO HIGHLIGHT HIS TREORY, VIOLATING HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL.

Supporting FACTS

Pursuant to Section 1101, subd. (b), the court permit- the prosecution to present propensity evidence of a 1994 bank robbery in which Clark was involved to show a common design or plan between that robbery and the current offense, from which the jury was permitted to infer that Clark was therefore the person who committed the charged crime. Clark moved to exclude the evidence because the similarities between the two crimes were insufficient, and in any event the evidence was more prejudicial than probative. The prosecution introduced the prior and made extensive use of it in closing argument.

The initial error was itself bad enough, but the harm flowing from it was exacerbated by two further erroneous rulings which (a) hobbled Clark's efforts on cross-examination to establish that the features of the robberies which assertedly made them similar were far too genaric to establish a nexus between them and (b) denied a needed modification to CALJIC No. 2.50 which highlighted the prosecution's heavy burden of proof. (See Brief IN Support of Petition For Writ of Habeas Corpus)

**Did you raise GROUND ONE in the California Supreme Court?**
X Yes  No.

(b) GROUND TWO:

THE COURT ERRED IN EXCLUDING BASSE'S ADMISSION THAT SHE HAD FALSELY ACCUSED HER BOYFRIEND SO THAT SHE COULD STEAL HIS MONEY WHEN HE WENT TO JAIL

Supporting FACTS

During trial, the deffendants wanted to impeach Basse with her admission to Doucakis that she had falsely accused a live-in boyfriend of spousal abuse in order to gain access to $1800 hidden in his mattress. Co-defendant Williams argued that this evidence was admissible inder Section 1101 (b). The court believed that the fact that the boyfriend pleaded guilty to the offense undercut this contention and in any case found the probative value of the evidence to be outweighed by it's prejudicial effect. (See Brief In Support Of Petition For Writ Of Habeas Corpus)

**Did you raise GROUND TWO in the California Supreme Court?**
X Yes No.

(c) **GROUND THREE:**

THE JUDGEMENT OUGHT TO BE REVERSED UNDER THE DOCTRINES OF CLOSE CASE AND CUMULATIVE ERROR.

Supporting FACTS

There were numerous errors and the case was close, resting, as it did, on Basse's credibility. The cumulative result was a denial of Clark's federal constitutional right to an inherently fair trial. (See Breif In Support Of Petition For Writ Of Habeas Corpus)

**Did you raise GROUND THREE in the California Supreme Court?**

X Yes No.

(d) **GROUND FOUR**:

UNDER CUNNINGHAM V. CALIFONIA, 549 U.S. ____ (2007) PETITIONER'S 6TH & 14TH AMENDMENT RIGHTS WERE VIOLATED WHERE THE SENTENCING COURT ELEVATED HIS SENTENCE FROM THE MID-TERM TO THE HIGH-TERM, BASED ON AGGRAVATING FACTORS NOT FOUND BY A JURY.

**Supporting FACTS**

In violation of Clark's right to a jury trial, the Sentencing Court made factual findins which were neither inherent in the jury's verdict, nor were they embraced by any admission made by Clark. (SeeBrief In Support Of Petition For Writ Of Habeas Corpus)

**Did you raise GROUND FOUR in the California Supreme Court?**

X Yes  No.

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes ☐ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court: ______________________________

(b) Case Number: ______________________________

(c) Date action filed: ______________________________

(d) Nature of proceeding: ______________________________

______________________________

(e) Grounds raised:

______________________________

______________________________

______________________________

______________________________

(f) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: Richard V. Swanson, Attorney at Law, 4850 Arlington Ave., Suite "A", Riverside, CA 92504

(b) At arraignment and plea: Richard V. Swanson, Attorney at Law, 4850 Arlington Ave., Suite "A", Riverside, CA 92504

(c) At trial: Richard V. Swanson, Attorney at Law, 4850 Arlington Ave., Auite "A", Riverside, CA 92504

(d) At sentencing: Richard V. Swanson, Attorney at Law, 4850 Arlington Ave., Suite "A", Riverside, CA 92504

(e) On appeal: Greg Kane, Attorney at Law, PMB 86, 993-C S. Santa Fe Ave., Vista, CA 92083

(f) In any post-conviction proceeding: GREG KANE, Attorney at Law, PMB 86, 993-C S. Santa Fe Ave., Vista, CA 92083

(g) On appeal from any adverse ruling in a post-conviction proceeding: Greg Kane, Attorney at Law, 993-C S. Santa Fe Ave., Vista, CA 92083

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes ☒ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No

(a) If so, give name and location of court that imposed sentence to be served in the future:
_______________

(b) Give date and length of the future sentence: _______________
_______________

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes ☐ No

**28.** Date you are mailing (or handing to a correctional officer) this Petition to this court:
_______________

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_______________
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

12-28-07 [signature]
(DATE) SIGNATURE OF PETITIONER

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

FILED JAN - 2 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY RMO DEPUTY

2254 ✓ 1983 FILING FEE PAID Yes ___ No ✓ IFP MOTION FILED Yes ___ No ___ COPIES SENT TO Court ✓ ProSe

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS** — **Donshael Domanique Clark**

**DEFENDANTS** — **VM Almager**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Imperial
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)**

**NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Donshael Domanique Clark**
**PO Box 901**
**Imperial, CA 92251**
**T-50753**

**ATTORNEYS (IF KNOWN)**

'08 CV 0014 H WMc

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**28 U.S.C. 2254**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury-Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc.
- ☐ Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☒ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 1/2/2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~ RMuller